IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EDWARD C. STATECUM                                                    PLAINTIFF

VS.                                             CIVIL ACTION NO. 3:09CV580HTW-FKB

U.S. MAGISTRATE JUDGE LINDA R. ANDERSON                 DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court sua sponte for consideration of dismissal.

Plaintiff is proceeding pro se in this case and has been granted in forma pauperis status. He is suing United States Magistrate Judge Anderson for her alleged violations of his constitutional rights when he was subject to criminal prosecution in this court, Criminal Docket Case #3:08mj128-LRA. The court takes judicial notice[1] of the following as reflected in its record: On April 7, 2008, a criminal complaint was filed against Statecum, supported by the affidavit of Michael Bounds, Judicial Security Inspector, United States Marshal. By the affidavit, Bounds stated that there was probable cause to believe that on April 2, 2008, Statecum had destroyed a door of the James O. Eastland Federal Courthouse while trying to illegally enter the building. On April 10, 2008, following his arrest on April 9, Statecum was brought before Magistrate Judge Anderson, informing her that he wished to represent himself. Magistrate Judge Anderson appointed the Federal Public Defender as stand-by counsel for Statecum and ordered Statecum to be detained. On April 30, 2008, the government filed an amended motion for a psychiatric examination, and on May 1, 2008, Magistrate Judge Anderson granted the motion.

---

[1] "A court may take judicial notice of its own records." Securities & Exchange Commission v. First Financial Group of Texas, 645 F.2d 429, 433, fn.6 (5th Cir. 1981) (citing 9 Wright & Miller, Federal Practice and Procedure § 2410 at 359-60 (1971)).

Although Statecum took issue with Magistrate Judge Anderson's ruling on the government's motion for a psychiatric examination, [2] he was examined, and upon receipt of the report from the examining body, Magistrate Judge Anderson appointed counsel to represent Statecum. On September 2, 2008, Statecum had a hearing before United States District Judge William H. Barbour, at which Statecum expressed his dissatisfaction with counsel appointed by Magistrate Judge Anderson. Thereafter, Judge Barbour denied Statecum's motion to proceed <u>pro se</u> and appointed new counsel to represent him. Finally, on October 17, 2008, Judge Barbour held a competency hearing as to Statecum, ordering that Statecum be released and that the charges against him be dismissed with prejudice.

On September 24, 2009, Statecum filed his civil complaint in this court against Magistrate Judge Anderson. According to the complaint, Magistrate Judge Anderson violated his right under the Fifth Amendment to not be required to answer for a capital or otherwise infamous crime unless the matter has been presented to a grand jury. More specifically, he alleges that on August 8, 2008, having been arrested by the United States Marshal, he appeared before Magistrate Judge Anderson and she held him responsible for the charge without his having been indicted. He further alleges that Magistrate Judge Anderson and Federal Public Defender George Lucus forced him, without proper procedure and without sufficient cause, to undergo a mental examination.

By his complaint, Statecum additionally alleges that Magistrate Judge Anderson violated

---

[2] June 3, 2008, Statecum filed a motion for leave to appeal order of the magistrate judge granting amended motion for psychiatric examination. That same day, Magistrate Judge Anderson entered an order temporarily denying the motion until such time as Statecum had paid the appropriate filing fee.

his Fourteenth Amendment Rights. In this regard, the complaint states:

> It has said nor deny to any person with its jurisdiction the equal protection of the laws. She has bar, me from legal rights within this court. All because I could testify that I am of a native American descent with a under cover skin tone coloration and complextion of a fair skinned white male which I can for. And also, trying some kind of legal method to seek my incompetency Because of color.

By his October 15, 2009 and December 23, 2009 amendments to the complaint, plaintiff claims damages of $5,000,000.

Under 28 U.S.C. § 1915, an individual may be allowed to proceed in this court without the prepayment of fees. Section 1915(e)(2), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); see Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir. 1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. Here, the court has permitted Statecum to

proceed in forma pauperis in this action, thus his complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke, 490 U.S. at 327.

Although Statecum's complaint does not explicitly state as much, because plaintiff purports to hold Magistrate Judge Anderson liable for monetary damages based on her alleged violations of his constitutional rights, the action is best regarded as one brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (holding that a violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court which is brought pursuant to 28 U.S.C. § 1331). See also Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993) (citing Bell v. Hood, 327 U.S. 678, 684 (1946))(recognizing that a prisoner may request "injunctive relief from violation of his federal constitutional rights"). Pursuant to Bivens, "unless defendants have deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States," a plaintiff has no viable claim. See Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (concluding that 42 U.S.C. § 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States").

The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties, see Nixon v. Fitzgerald, 457 U.S. 731, 745-46 (1982), such that judges are immune from suit for damages resulting from any judicial act unless performed in

4

"the clear absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Furthermore, allegations of bad faith or malice fail to overcome judicial immunity. Mireles, 502 U.S. at 11. Here, as Statecum asserts claims against a United States Magistrate Judge arising out of actions that she took in the performance of her official duties, and thus, within her jurisdictional province, she is entitled to absolute judicial immunity. It follows then that Statecum's complaint seeking monetary damages from Magistrate Judge Anderson arising out the performance of her judicial duties must be dismissed.

Accordingly, plaintiff's claims against United States Magistrate Judge Linda R. Anderson are dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(iii).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED this the 16th day of February, 2010.

                **s/ HENRY T. WINGATE**
                **CHIEF JUDGE**
                **UNITED STATES DISTRICT COURT**

Civil Action No. 3:09CV580HTW-FKB
Memorandum Opinion and Order